**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>                   Plaintiff,<br><br>     -v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC;<br>DOES 1-99.<br><br>                   Defendants. | Civil Action No.: 4:21-cv-00189-KGB |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**ANSWER TO THE COMPLAINT**

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, submits the following Answer to the Complaint ("Complaint") filed by Plaintiff Laura Lynn Hammett ("Plaintiff").

PRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. PRA further states that its investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer. PRA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, PRA states as follows:

1.     PRA admits Plaintiff purports to bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the tort of intentional infliction of emotional distress, and the tort of

invasion of privacy by intrusion.  PRA denies any remaining allegations in Paragraph 1 of the Complaint and specifically denies any violation of the FDCPA, TCPA, the tort of intentional infliction of emotional distress, and the tort of invasion of privacy by intrusion.

**Jurisdiction and Venue**

2.      PRA admits it is a Delaware limited liability company with its headquarters in Norfolk, Virginia.  The remaining allegations in Paragraph 2 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 2 of the Complaint are denied.

3.      The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

4.      The allegations in Paragraph 4 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 4 of the Complaint are denied.

**The Parties**

5.      PRA admits Plaintiff is an individual person. PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and therefore, denies the same.

6.      PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore, denies the same.

7.      PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore, denies the same.

8.      PRA admits it is a Delaware limited liability company with its headquarters in Norfolk, Virginia.  PRA denies the remaining allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 9 of the Complaint are denied.

10.     The allegations in Paragraph 10 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 10 of the Complaint are denied.

11.     PRA admits Plaintiff purports to bring this action against DOES 1-99.   PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore, denies the same.

12.     PRA admits Plaintiff purports to bring this action against DOES 1-99.   PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore, denies the same.

13.     PRA admits Plaintiff purports to bring this action against DOES 1-99.    PRA denies the remaining allegations in Paragraph 13 of the Complaint.

## General Allegations

14.     PRA denies the allegations in Paragraph 14 of the Complaint.

15.     PRA denies the allegations in Paragraph 15 of the Complaint.

16.     PRA denies the allegations in Paragraph 16 of the Complaint.

17.     PRA denies the allegations in Paragraph 17 of the Complaint.

**Hammett's [Alleged] Glass Head**

18.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore, denies the same.

19.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore, denies the same.

20.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore, denies the same.

21.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore, denies the same.

22.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore, denies the same.

23.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore, denies the same.

24.     PRA denies the allegations in Paragraph 24 of the Complaint.

25.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore, denies the same.

26.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore, denies the same.

27.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore, denies the same.

28.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore, denies the same.

29.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore, denies the same.

30.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore, denies the same.

31.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore, denies the same.

32.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore, denies the same.

33.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore, denies the same.

34.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore, denies the same.

35.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore, denies the same.

36.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore, denies the same.

37.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore, denies the same.

38.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore, denies the same.

39.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore, denies the same.

40.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore, denies the same.

41.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore, denies the same.

42.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore, denies the same.

43.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore, denies the same.

44.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore, denies the same.

45.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore, denies the same.

46.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore, denies the same.

47.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore, denies the same.

48.     PRA denies the allegations in Paragraph 48 of the Complaint.  PRA affirmatively states that Plaintiff was delinquent in her financial obligations to Capital One Bank (USA), NA. PRA further states that it lawfully acquired Plaintiff's delinquent financial obligation to Capital One Bank (USA), NA

49.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore, denies the same.

50.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore, denies the same.

51.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore, denies the same.

52.     PRA denies the allegations in Paragraph 52 of the Complaint.

53.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore, denies the same.

54.     PRA admits Plaintiff has not issued a subpoena for her phone records yet in this matter.  PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint and therefore, denies the same.

55.     PRA denies the allegations in Paragraph 55 of the Complaint

56.     PRA denies the allegations in Paragraph 56 of the Complaint.  PRA further specifically denies the use of an "automatic telephone dialing system ("ATDS") to contact Plaintiff as that term is defined under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(a)(1).

57.     PRA admits to recording some of its telephone calls with consumers in the ordinary course of business to ensure compliance.  PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint and therefore, denies the same.

58.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore, denies the same.

59.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore, denies the same.

60.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore, denies the same.

61.     PRA denies the allegations in Paragraph 61 of the Complaint.

62.     PRA is without knowledge or information sufficient to form a belief as to Plaintiff's estimate of calls she allegedly received and therefore denies the same.  PRA denies any remaining allegations in Paragraph 62 of the Complaint.

63.     PRA admits speaking with an individual who identified herself as Laura Lynn on November 18, 2020.  PRA is without knowledge or information sufficient to form a belief as to whether Plaintiff recorded certain telephone conversations.   The remaining allegations in Paragraph 63 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 63 of the Complaint are denied.

64.     PRA denies the allegations in Paragraph 64 of the Complaint.

65.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore, denies the same.

66.     PRA denies the allegations in Paragraph 66 of the Complaint.

67.     PRA denies the allegations in Paragraph 67 of the Complaint.

68.     PRA denies the allegations in Paragraph 68 of the Complaint.

69.     PRA denies the allegations in Paragraph 69 of the Complaint.

70.     PRA denies the allegations in Paragraph 70 of the Complaint.

71.     PRA denies the allegations in Paragraph 71 of the Complaint.

72.     PRA denies the allegations in Paragraph 72 of the Complaint.

73.     PRA admits PRA employees committed no crime.   PRA denies the remaining allegations in Paragraph 73 of the Complaint.

74.     PRA denies the allegations in Paragraph 74 of the Complaint.

75.     The allegations in Paragraph 75 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 75 of the Complaint are denied.

76.     The allegations in Paragraph 76 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 76 of the Complaint are denied.

77.     PRA denies the allegations in Paragraph 77 of the Complaint.

78.     PRA denies the allegations in Paragraph 78 of the Complaint.

79.     PRA denies the allegations in Paragraph 79 of the Complaint.

80.     PRA denies the allegations in Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 81 of the Complaint are denied.

**How Plaintiff's Behavior Was [Allegedly] Altered by the PRA Phone Calls**

82.     PRA denies the allegations in Paragraph 82 of the Complaint.

83.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore, denies the same.

84.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore, denies the same.

85.     PRA denies the allegations in Paragraph 85 of the Complaint.

86.     PRA denies the allegations in Paragraph 86 of the Complaint.

87.     PRA denies the allegations in Paragraph 87 of the Complaint.

88.     PRA denies the allegations in Paragraph 88 of the Complaint.

89.     PRA denies the allegations in Paragraph 89 of the Complaint.

90.     PRA denies the allegations in Paragraph 90 of the Complaint.

91.     PRA admits Plaintiff told PRA her birthdate on February 18, 2021.  PRA denies the remaining allegations in Paragraph 91 of the Complaint.

92.     PRA admits Plaintiff provided PRA with a mailing address on February 18, 2021.  PRA denies the remaining allegations in Paragraph 92 of the Complaint.

93.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and therefore, denies the same.

94.     PRA denies the allegations in Paragraph 94 of the Complaint.

95.     PRA denies the allegations in Paragraph 95 of the Complaint.

**PRA [Allegedly] Continued to Violate the FDCPA After Plaintiff Told Them Her Address**

96.     PRA denies the allegations in Paragraph 96 of the Complaint.

97.     PRA denies the allegations in Paragraph 97 of the Complaint.

98.     PRA denies receiving a letter dated February 22, 2021.  PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Complaint and therefore, denies the same.

99.     PRA denies receiving a letter dated February 22, 2021.  PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint and therefore, denies the same.

100.   PRA denies receiving a letter dated February 22, 2021.   PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Complaint and therefore, denies the same.

101.   PRA denies receiving a letter dated February 22, 2021.   PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 of the Complaint and therefore, denies the same.

102.   PRA denies the allegations in Paragraph 102 of the Complaint.

103.   PRA denies that it sent only a single communication prior to March 10, 2021. PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint and therefore, denies the same.

104.   PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and therefore, denies the same.

105.   PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and therefore, denies the same.

106.   PRA admits receiving a letter dated March 2, 2021.   PRA denies the remaining allegations in Paragraph 106 of the Complaint.

107.   PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and therefore, denies the same.

108.   PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and therefore, denies the same.

109.   PRA admits sending a letter to Plaintiff on February 19, 2021.   PRA denies the remaining allegations in Paragraph 109 of the Complaint.

110.   PRA denies the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 111 of the Complaint are denied.

112.    PRA denies the allegations in Paragraph 112 of the Complaint.

113.    PRA denies the allegations in Paragraph 113 of the Complaint.

114.    PRA denies the allegations in Paragraph 114 of the Complaint.

115.    PRA denies the allegations in Paragraph 115 of the Complaint.

116.    The allegations in Paragraph 116 of the Complaint refer to documents which speak for themselves, and PRA denies Plaintiff's incomplete and out-of-context characterization of their contents.  Any remaining allegations in Paragraph 116 of the Complaint are denied.

117.    PRA denies the allegations in Paragraph 117 of the Complaint.

118.    PRA denies the allegations in Paragraph 118 of the Complaint.

119.    PRA denies the allegations in Paragraph 119 of the Complaint.

120.    PRA admits to receiving a letter from Plaintiff dated March 4, 2021.  PRA denies the remaining allegations in Paragraph 120 of the Complaint.

121.    PRA denies the allegations in Paragraph 121 of the Complaint.

122.    PRA denies the allegations in Paragraph 122 of the Complaint.

**Plaintiff Recalls Probable [Alleged] PRA Violations from 2014**

123.    PRA denies the allegations in Paragraph 123 of the Complaint.

124.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and therefore, denies the same.

125.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint and therefore, denies the same.

126.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore, denies the same.

127.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and therefore, denies the same.

128.    PRA denies the allegations in Paragraph 128 of the Complaint.

129.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint and therefore, denies the same.

130.    PRA denies the allegations in Paragraph 130 of the Complaint.

131.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and therefore, denies the same.

132.    PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and therefore, denies the same.

133.    PRA denies the allegations in Paragraph 133 of the Complaint.

134.    PRA denies the allegations in Paragraph 134 of the Complaint.  PRA incorporates and reasserts its responses to Paragraphs 1 through 134 of the Complaint as if fully stated herein in response to the Paragraph immediately following Paragraph 134 of the Complaint.

**First Claim for Relief: Violations of the FDCPA**

135.    PRA denies the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 136 of the Complaint are denied.

137.    PRA denies the allegations in Paragraph 137 of the Complaint.

138.     The allegations in Paragraph 138 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 138 of the Complaint are denied.

139.     PRA denies the allegations in Paragraph 139 of the Complaint.

140.     The allegations in Paragraph 140 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 140 of the Complaint are denied.

141.     PRA denies the allegations in Paragraph 141 of the Complaint.

142.     PRA denies the allegations in Paragraph 142 of the Complaint.

143.     The allegations in Paragraph 143 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 143 of the Complaint are denied.

144.     PRA denies the allegations in Paragraph 144 of the Complaint.

145.     The allegations in Paragraph 145 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 145 of the Complaint are denied.

146.     PRA denies the allegations in Paragraph 146 of the Complaint.

147.     The allegations in Paragraph 147 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 147 of the Complaint are denied.

148.     PRA denies the allegations in Paragraph 148 of the Complaint.

149.     PRA denies the allegations in Paragraph 149 of the Complaint.

150.     The allegations in Paragraph 150 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 150 of the Complaint are denied.

151.     PRA denies the allegations in Paragraph 151 of the Complaint.

152.     The allegations in Paragraph 152 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 152 of the Complaint are denied.

153.     The allegations in Paragraph 153 of the Complaint quoting Section 807(14) state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 153 of the Complaint quoting Section 807(14) are denied. PRA denies the remaining allegations in Paragraph 153 of the Complaint.

154.     PRA denies the allegations in Paragraph 154 of the Complaint.

155.     The allegations in Paragraph 155 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 155 of the Complaint are denied.

156.     PRA denies the allegations in Paragraph 156 of the Complaint.

157.     The allegations in Paragraph 157 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 157 of the Complaint are denied.

158.     PRA denies the allegations in Paragraph 158 of the Complaint.

159.     The allegations in Paragraph 159 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 159 of the Complaint are denied.

160.    PRA denies the allegations in Paragraph 160 of the Complaint.

**Second Claim for Relief: Violations of the TCPA, 47 U.S.C. 277**

161.    PRA denies the allegations in Paragraph 161 of the Complaint.

162.    PRA denies the allegations in Paragraph 162 of the Complaint.

**Third Claim for Relief: Tortious Infliction of Emotion Distress, Outrage**

163.    PRA denies the allegations in Paragraph 163 of the Complaint.

164.    PRA denies the allegations in Paragraph 164 of the Complaint.

165.    PRA denies the allegations in Paragraph 165 of the Complaint.

166.    PRA denies the allegations in Paragraph 166 of the Complaint.

167.    PRA denies the allegations in Paragraph 167 of the Complaint.

168.    PRA denies the allegations in Paragraph 168 of the Complaint.

169.    PRA denies the allegations in Paragraph 169 of the Complaint.

170.    PRA denies the allegations in Paragraph 170 of the Complaint.

171.    PRA denies the allegations in Paragraph 171 of the Complaint.

172.    PRA denies the allegations in Paragraph 172 of the Complaint.

**Fourth Claim for Relief: Tortious Invasion of Privacy by Intrusion**

173.    PRA denies the allegations in Paragraph 173 of the Complaint.

174.    PRA denies the allegations in Paragraph 174 of the Complaint.

175.    The allegations in Paragraph 175 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 175 of the Complaint are denied.

176.    PRA denies the allegations in Paragraph 176 of the Complaint.

177.    PRA denies the allegations in Paragraph 177 of the Complaint.

178.    PRA denies the allegations in Paragraph 178 of the Complaint.

179.    PRA denies the allegations in Paragraph 179 of the Complaint.

180.    PRA denies the allegations in Paragraph 180 of the Complaint.

181.    PRA denies the allegations in Paragraph 181 of the Complaint.

**Request For Jury**

182.    PRA admits the Complaint contains a jury demand.  PRA denies Plaintiff is entitled to a trial by jury and denies the remaining allegations in Paragraph 182 of the Complaint.

**Request for Relief**

183.    PRA denies the allegations contain in Paragraph 183 of the complaint, including the allegations in subparagraphs (a) through (h), and further denies the Plaintiff is entitled to any of the requested relief and or judgments.

## AFFIRMATIVE AND OTHER DEFENSES

PRA hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiffs to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's claims under the FDCPA fail to the extent any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE
**(Vicarious Liability)**

Plaintiff's claims against PRA fail to the extent that Plaintiff seeks to hold PRA liable, vicariously or otherwise, for the acts or omissions of others.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

### FIFTH AFFIRMATIVE DEFENSE
**(Damages)**

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against PRA, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. PRA is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### SIXTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
**(Waiver, Release and/or Accord and Satisfaction)**

The Complaint is barred, in whole or in part, to the extent Plaintiff has released or otherwise waived her claims.

### EIGHTH AFFIRMATIVE DEFENSE
**(Barred by Applicable Constitutional Provisions)**

Plaintiff's claims are barred, in whole or in part, by the Constitutions of the United States of America and the state of Arkansas.

## NINTH AFFIRMATIVE DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation, the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

## TENTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged telephone calls within the meaning of the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged damages are the product of fault on behalf of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Right to Additional Defenses)

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such other and further relief as the Court may deem just and proper.

ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 375-0317 | Telephone
(501) 375-1309 | Facsimile
*dmitchell@roselawfirm.com*

By:*/s/ David S. Mitchell, Jr.*
David S. Mitchell, Jr.
Arkansas Bar No. 2010271

*Attorney for Defendant Portfolio Recovery Associates, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April, 2021, a true and exact copy of the foregoing was filed with the Court's CM/ECF system and sent via email and first class mail, postage prepaid, a copy of the same to the following individual:

Laura Lynn Hammett
500 Amity Road, Suite 5B #306
Conway, Arkansas 72032
760-966-6000
Bohemian_books@yahoo.com
Plaintiff Pro Se

*/s/ David S. Mitchell, Jr.*