**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 0 2022

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| LAURA LYNN HAMMETT, an individual, | ) Case No.: 4:21-CV-00189-LPR )  ) |
| Plaintiff, | ) **Motion to Compel Defendant** ) **Portfolio Recovery Associates, LLC** |
| vs. | ) **to File Exhibit I to Response, Docket** ) **No. 71-9 Under Seal or Redact Names** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a Limited Liability Company; DOES 1-99 | ) **of Minors Involved in Juvenile** ) **Action; and Order of Protection** ) **Preventing Defendant from** ) **Contacting Plaintiff's Adult Children** |
| Defendants | ) ) ) |

Comes Now Laura Lynn Hammett, Plaintiff in pro se, requesting The

Court to Compel Defendant Portfolio Recovery Associates, LLC to File

Exhibit I to Response, Docket No. 71-9 Under Seal or Redact Names of

Minors Involved in Juvenile Action. Plaintiff also asks for a protective order

Motion to Compel Defendant Portfolio Recovery Associates, LLC to File Exhibit I to Response,
Docket No. 71-9 Under Seal or Redact Names of Minors Involved in Juvenile Action; and
Protective Order preventing Contact with Plaintiff's Minor Children     4:21-CV-00189-LPR
1

to prevent Portfolio Recovery Associates, LLC or Doe Defendants 1-99 from contacting her now adult children.

Plaintiff had an email exchange with Defendant's counsel in hopes of determining how a letter from a juvenile court file might be disclosed in discovery on the case at bar. (A true and correct copy of the email chain is attached as Exhibit 1)

Portfolio Recovery Associates filed one email that named the now adult who was involved in the Juvenile matter as Exhibit I to Docket No. 71.

Contacting the now adult minor who was horribly abused by his father and is miraculously recovering seems intrusive without adding anything relevant. On January 7, 2022 at 12:42 AM Plaintiff said she would not call either the minor named or his brother as witnesses because the cost in emotional distress to either young man is not worth the benefit of their personal account of some of the reasons for Plaintiff's PTSD and other diagnosed anxiety disorders. (Plaintiff has made her entire medical history available to the defendant and it is absurd and a violation of Rule 11 for Defendant to challenge the statements in the complaint that Plaintiff had anxiety disorders prior to and during the time Defendant called Plaintiff.)

As explained in the email chain, Plaintiff can and will testify to her observations of the abuse of the juveniles and the resultant trauma to

Plaintiff as a related observer. It seems redundant to force the now adult children to relive their trauma. The Plaintiff can show the letters she considered submitting as evidence to this Court to review in camera.

### Brief in Support

"To address the privacy concerns created by Internet access to Court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the Court as follows:

"Attorneys should not include sensitive information in any document filed with the Court unless that inclusion is necessary and relevant to the case. [] If sensitive information must be included, certain personal data identifiers must be partially redacted from the document, whether it is filed traditionally or electronically: Social-security numbers, taxpayer identification numbers and financial-account numbers to the last four digits, names of minor children to the initials". (CM/ECF Administrative Policies and Procedures Manual for Civil Filings, page 12)

"If a redacted document is filed, it is the sole responsibility of counsel and the parties to be sure that all documents comply with the rules requiring redaction of personal data identifiers." Id

"Information regarding the arrest or detention of a juvenile and related proceedings under this subchapter shall be confidential unless the exchange of information is:

(1) For the purpose of obtaining services for the juvenile, to ensure school safety, or to ensure public safety;

(2) Reasonably necessary to achieve one (1) or more purposes; and

(3) Under a written order by the circuit court." Ark. Code Ann. § 9-27-309 (West)

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**." F.R.C.P. 26(b)(1).

Because Plaintiff takes excellent care of her health, both physical and emotional, the record of her healthcare along with her testimony should be adequate to determine that the phone calls from PRA would cause emotional distress. In fact, having her social security number and birthdate, her credit

report and this current disclosure would cause anyone emotional distress. Rather than resolving the initial dispute, PRA decided to torment Plaintiff more and now threatens to torment those she loves.

Plaintiff requests the Exhibit I be redacted so as not to identify the minor and to prevent the Defendant from contacting Plaintiff's now adult children.

### Certificate of Compliance

I, Laura Lynn Hammett, swear under penalty of perjury that I made a substantial effort to meet and confer with Counsel for the defendant in hopes of resolving the issue of protecting the Plaintiff's adult children from unnecessary distressful investigation into their past and from the disclosure of their names within a document that discusses confidential material. (See emails attached as Exhibit 1-3)

Respectfully submitted,

January 20, 2022

*Laura Hammett*

Laura Lynn Hammett
Plaintiff in Pro Se
500 Amity Road, Suite 5B #306
Conway, Arkansas 72032
(760) 966-6000
TheNext55Years@gmail.com

Certificate of Service

The Plaintiff Laura Lynn Hammett's Motion to Compel Defendant Portfolio Recovery Associates, LLC to File Exhibit I to Response, Docket No. 71-9 Under Seal or Redact Names of Minors Involved in Juvenile Action; and Protective Order preventing Contact with Plaintiff's Minor Children was served on Counsel of Record by electronic notification when Plaintiff filed the motion with the Clerk of the Court who entered it onto the electronic filing system on this day.

January 20, 2022   *Laura Hammett*

Laura Lynn Hammett
Plaintiff in Pro Se
500 Amity Road, Suite 5B #306
Conway, Arkansas 72032
(760) 966-6000
TheNext55Years@gmail.com

 Gmail                                    Laura Lynn Hammett <thenext55years@gmail.com>

## CONFIDENTIAL Hammett v. PRA request for protective order meet and confer CONFIDENTIAL

5 messages

**Laura Lynn Hammett** <thenext55years@gmail.com>                              Thu, Jan 6, 2022 at 9:05 AM
To: David Mitchell <dmitchell@roselawfirm.com>, "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Dear Counsel,

I am hoping for a stipulated protective order to ban calling ▉▉▉▉ as a witness.

▉▉▉▉ cannot afford an attorney. He said our traumas inflicted by Tim Lynn are none of your business. He said he has gotten unidentified calls and just not answered, but later discovered one of the callers was a potential job offering. (He does handyman work.)

It is a miracle that ▉▉▉▉ survived their childhoods. Going through my old documents these past few weeks has made me cry more than once. Last time I tried to discuss his childhood with ▉▉▉▉, he got noticeably upset and said he had to stop talking. He has agreed to testify, and I anticipate there will not be a dry eye in the courtroom when he does. (I just had a tear fall on my desk. Oh, they are streaming down my face.)

There are two documents that I think are from a sealed juvenile court file from 2007. I am trying to find the historical rule about who may see these documents from a California court. If you can find that, it would be helpful.

Otherwise, if we can't come to an agreement on a protective order for ▉▉▉▉, I will ask the Court to look at the documents in camera.

I would like to use the documents to support my own testimony anyhow if there is a way to without violating confidentiality. I think everyone will believe my testimony but the documents make it indisputable.

One is a handwritten two page letter from 17 year old ▉▉▉▉ that begged to be placed in my home and not to go back to his father's house. He said he would rather live in "juvy" than with his father. I can testify that ▉▉▉▉ was picked up when I called 911 because he had run away from his dad's house to mine and while I was at a church Christmas party, he suffered a major breakdown like nothing I've ever seen before. (Mike Pietrczak had bad episodes also, but that was later.) ▉▉▉▉'s girlfriend called me and I went to try to help. I made the emergency call. The police mishandled the situation and treated it as disturbing the peace instead of bringing ▉▉▉▉ to a behavioral health facility. I will tell you about it and I will tell the jury, but I don't want to write about it anymore now.

In case you think I am trying to hide ▉▉▉▉ because he disagrees with me, I showed the mediator a text message from ▉▉▉▉ in which he convincingly opines that a jury will award me "between 3 and 12 million dollars". I doubt his opinion is evidence, but I don't mind showing that text to you again.

So, can we have a meet and confer about stipulating to a protective order that 1) ▉▉▉▉ will not be called as a witness, and 2) that the letters that are from a sealed file can be authenticated by me or the attorney who wrote one of them and will be kept under seal but shown to the jury. (I wrote an email to the attorney about a year ago, to ask if she would take my California case and thank her for saving ▉▉▉▉ life. She responded and is still not a civil litigator, but I might be able to get her to sign an affidavit as to authenticity of the letters.)

Regards,

Laura Hammett

---

**David Mitchell** <DMITCHELL@roselawfirm.com>                                  Thu, Jan 6, 2022 at 10:32 AM
To: Laura Lynn Hammett <thenext55years@gmail.com>, "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>



EXHIBIT 1

Ms. Hammett,

We have no desire to unnecessarily involve ▮▮▮▮▮ in this lawsuit, but we have a duty to represent our client. Accordingly, we cannot and will not agree to your unilaterally determining what witnesses with relevant knowledge we may or may not consult or subpoena in this matter. PRA has made no attempt at this time to contact ▮▮▮▮▮ but reserves the right to do so if it deems it necessary. PRA will not agree to a "protective order" shielding ▮▮▮▮▮ from inquiry, especially since, as we understand it, he was actively involved in your plan to file multiple lawsuits, including the one against PRA.

Thanks,
David



**David S. Mitchell, Jr.**

**Member**

120 East Fourth Street
Little Rock, AR 72201-2893

p: (501) 377-0317  |  f: (501) 375-1309
RoseLawFirm.com

Rose Law Firm is a Professional Association.  |  **CONFIDENTIALITY NOTICE:** This message may constitute a confidential attorney-client communication. It is intended exclusively for the individual or entity to which it is addressed. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

[Quoted text hidden]

---

**Laura Lynn Hammett** <thenext55years@gmail.com>   Thu, Jan 6, 2022 at 12:02 PM
To: David Mitchell <DMITCHELL@roselawfirm.com>
Cc: "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Dear Counsel,

I had no "plan to file multiple lawsuits". Therefore ▮▮▮▮▮ was not involved in any alleged plan.

PRA and its attorneys seem to have a plan to invade my privacy, as evidenced by filing my credit report and social security number on the internet. Your tactic seems to be to defend against an invasion of privacy suit by multiplying the intrusions disproportionately to the needs of the litigation.

I will file for the protective order.

Regards,

Laura Hammett

[Quoted text hidden]

---

**Laura Lynn Hammett** <thenext55years@gmail.com>  Fri, Jan 7, 2022 at 12:42 AM
To: David Mitchell <DMITCHELL@roselawfirm.com>
Cc: "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Dear Counsel,

My memory of the Rules of Professional Conduct is that you must represent your client zealously. Not just represent them. I'm guessing this means you must try to minimize the damages your client pays.

It seems like a juror who sees the above email exchange will think PRA is malicious and reprehensible.

I asked for unspecified damages for emotional distress. Today I read excerpts of a report by your expert psychiatrist and he said he would not opine on the amount of damages in the case; that was a job for the jury. He just opined that the defendant's conduct caused the damages. That sounds like the same logic I used when writing my complaint.

You have read my family history and know ▇▇▇ suffered trauma that would cause anyone to suffer from a mood disorder such as PTSD. Your expert is well aware that threatening to make ▇▇▇ sit in front of a room full of strangers to discuss his childhood abuse would likely trigger extreme emotional distress for him. It also triggers my PTSD. I remember when ▇▇▇ dad was on trial for punching ▇▇▇ in the face and got aquitted. I remember the horrible injustices done in family law court that resulted in the end of Alan Friedenthal's judicial career. I remember ▇▇▇ saying "Whenever I would tell the police or other authority my father was abusing me and my younger brother, nothing was done. At some point I was convinced that nothing would ever stop him from doing these kinds of things, especially not the United States Government and I gave up."

How horrible to make this young man who surmounted incredible odds and is living a peaceful life to have to step into a courtroom. In fact, I probably won't ask ▇▇▇ to testify, either.

When I filed my complaint, I thought emotional distress damages would be about $5,000. Now, with your disclosure of my credit report and social security number and threat to call ▇▇▇ as a witness, I would not be surprised at a $1M award for emotional damage and an even larger punitive damage award.

Honestly though, my 59 year old body needs sleep more than money, so PRA and I would both benefit if you begin to act like decent people.

And then, the attorney fee bills won't be so high.

Laura Hammett

[Quoted text hidden]

---

**Laura Lynn Hammett** <thenext55years@gmail.com>  Sun, Jan 9, 2022 at 2:29 PM
To: David Mitchell <DMITCHELL@roselawfirm.com>
Cc: "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

"[a]s we understand it, he was actively involved in your plan to file multiple lawsuits, including the one against PRA."

I can't figure out where you came up with this, and will ask an interrogatory to discover the answer. But I was talking with ▇▇▇ about writing projects he is working on with me. He is an amazingly gifted writer. And one of my projects sounds a little like your "understanding". We intend to write about how other people can file pro se lawsuits, including against PRA. That would not be "the one against PRA". It would be limitless. We are not giving legal advice. We are just supplying links to information and encouraging people to access the courts, as is their right.

On Thu, Jan 6, 2022 at 10:32 AM David Mitchell <DMITCHELL@roselawfirm.com> wrote:
[Quoted text hidden]

 Laura Lynn Hammett <thenext55years@gmail.com>

## Hammett v. PRA
3 messages

**Brandie Ridgeway** <BRIDGEWAY@roselawfirm.com>  Wed, Jan 19, 2022 at 3:26 PM
To: Laura Lynn Hammett <thenext55years@gmail.com>
Cc: David Mitchell <DMITCHELL@roselawfirm.com>

Please see the attached correspondence sent on behalf of David Mitchell, Jr.

Thank you,



**Brandie Ridgeway**

**Legal Assistant to Steve Joiner, Betsy Baker and David S. Mitchell, Jr**

120 East Fourth Street
Little Rock, AR 72201-2893

p: (501) 377-0380 | f: (501) 375-1309

RoseLawFirm.com

Rose Law Firm, a Professional Association. | **CONFIDENTIALITY NOTICE:** This message may constitute a confidential attorney-client communication. It is intended exclusively for the individual or entity to which it is addressed. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

**2 attachments**

- **PRA ads. Hammett - Opp. Challenging Conf and to Modify PO.pdf**
  4471K

- **1.19.2022 Ltr to L. Hammett.pdf**
  334K

**Laura Lynn Hammett** <thenext55years@gmail.com>  Wed, Jan 19, 2022 at 5:40 PM
To: Brandie Ridgeway <BRIDGEWAY@roselawfirm.com>
Cc: David Mitchell <DMITCHELL@roselawfirm.com>

EXHIBIT 2

Dear Counsel,

I already called the clerk and the Court gave permission to put a hold on your response because you included confidential information.

Exhibit I contains my confidential communication that discusses records that are confidential and how to present that information to the Court and the jury, while protecting the confidentiality of a third party.

I do not want to be any more specific, as you have a pattern of disclosing confidential information to the public.

Please let me know by 10 am tomorrow if you will redact the references to the confidential information including the name and relationship to the person who was a juvenile at the time the confidential record was created.

Otherwise I will file a motion under seal to have the exhibit redacted appropriately.

Thank you in advance,

Laura Hammett
[Quoted text hidden]

---

**Laura Lynn Hammett** <thenext55years@gmail.com>  Thu, Jan 20, 2022 at 7:54 AM
To: "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Dear Counsel,

I hit "reply all" when typing this email yesterday evening. I was distressed and did not notice that you were not copied. David Mitchell received it.
[Quoted text hidden]

 Gmail                                                    Laura Lynn Hammett <thenext55years@gmail.com>

## Hammett v PRA posting of confidential document
4 messages

**Laura Lynn Hammett** <thenext55years@gmail.com>                                    Thu, Jan 20, 2022 at 7:49 AM
To: David Mitchell <dmitchell@roselawfirm.com>, "Komisin, John (Jed)" <Jed.Komisin@troutman.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Dear Counsel,

  This is my second email regarding the confidential document you filed at 3:17 PM on January 19, 2022. The first was sent yesterday evening at 5:40 PM. Mr. Mitchell responded by causing his assistant to send me an email with notification of electronic filing of the document that should have been filed under seal. The responsive email was sent at 8:19 PM.
  Though I do want and am entitled to the notice of electronic filing, that is not what I asked for in the 5:40 PM email.
  I asked for you to agree to withdraw Exhibit I and ask to file it under seal or redact appropriately.
  Exhibit I refers to a juvenile court record. It is an email in which I, a pro se litigant with no experience in federal discovery, inquired about how we could use the information in the juvenile court record without breaching the laws concerning confidentiality of those records.
  Hopefully the attorneys who are interested in representing me on this case will also want to represent the person whose name and record you posted on the internet for invasion of his privacy.
  I have told you my work hours usually end at 3 PM and it was providence that I worked late yesterday. I had a doctor's appointment earlier in the day because of anxiety and needed to make up my work hours.
  You purposefully posted extremely confidential information on the internet that would have been there at least overnight, had I not worked late. I wrote CONFIDENTIAL twice on the subject line. All Juvenile court records are confidential.
  My social security number, birthday and name together, my full unredacted credit report, juvenile court records...what do you intend to post next? Perhaps my ex will give you embarrassing pictures of me, or you might think it amusing to post my psychiatric records. The effect of not knowing is that I am extremely distressed today and will probably take pharmaceuticals for my anxiety, even though I hate the physical side effects. I cannot work if I use THC, which is gentler on my body but kills ambition.
  Please let me know by 10 AM that you will file a redacted copy of your document. Redact the name of the juvenile, as you must always. Because I marked the email "confidential", we have a protective order, and the information is not already known to the general public, you may not post the email in a discovery motion without asking for it to be under seal.
  Thank you in advance,

Laura Hammett

---

**Komisin, John (Jed)** <Jed.Komisin@troutman.com>                                    Thu, Jan 20, 2022 at 9:00 AM
To: Laura Lynn Hammett <thenext55years@gmail.com>, David Mitchell <dmitchell@roselawfirm.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Ms. Hammett,


As explained in our opposition (page 3, footnote 1), the email in Exhibit I is not confidential as it is not "Discovery Material," i.e. a document produced in discovery entitled to protection under the protective order. Unilaterally declaring your own email "confidential" does not make it so. Further, declining to be "more specific" about your dispute does not satisfy your obligation to confer prior to seeking the intervention of the Court.


We look forward to reviewing your clarification and any legal authority as to how the Stipulated Protective Order applies to litigation correspondence as well as your claimed basis for confidentiality before you seek the intervention of the Court.



EXHIBIT 3

Regards,

Jed

**John "Jed" E. Komisin**
Associate
**troutman pepper**
Direct: 804.697.1872
jed.komisin@troutman.com

**From:** Laura Lynn Hammett <thenext55years@gmail.com>
**Sent:** Thursday, January 20, 2022 8:49 AM
**To:** David Mitchell <dmitchell@roselawfirm.com>; Komisin, John (Jed) <Jed.Komisin@troutman.com>; Trefil, James K. <James.Trefil@troutman.com>; James, Miranda G. <Miranda.James@troutman.com>
**Subject:** Hammett v PRA posting of confidential document

## EXTERNAL SENDER

[Quoted text hidden]

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

---

**Laura Lynn Hammett** <thenext55years@gmail.com>        Thu, Jan 20, 2022 at 9:22 AM
To: "Komisin, John (Jed)" <Jed.Komisin@troutman.com>
Cc: David Mitchell <dmitchell@roselawfirm.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

Dear Counsel,

All juvenile case records are intrinsically confidential.

Regardless, the confidential email was discussing how to present a confidential juvenile record through discovery.

I will file a motion to strike.

Regards,

Laura Hammett
[Quoted text hidden]

---

**Laura Lynn Hammett** <thenext55years@gmail.com>        Thu, Jan 20, 2022 at 9:25 AM
To: "Komisin, John (Jed)" <Jed.Komisin@troutman.com>
Cc: David Mitchell <dmitchell@roselawfirm.com>, "Trefil, James K." <James.Trefil@troutman.com>, "James, Miranda G." <Miranda.James@troutman.com>

correction: The motion will be to file Exhibit I under seal.
[Quoted text hidden]