IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LAURA LYNN HAMMETT                                                                                    PLAINTIFF

v.                              Case No.: 4:21-cv-00189-LPR

PORTFOLIO RECOVERY ASSOCIATES, LLC;
DOES 1–99                                                                                             DEFENDANTS

## ORDER

This case was filed on March 10, 2021. Discovery opened in September of 2021. On September 26, 2021, the Court issued a Final Scheduling Order.[1] Among other things, that Order explicitly addressed the discovery timeline.

> Discovery should be completed no later than **March 2, 2022**. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.
>
> A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute. Upon the filing of such motion, a response should be filed promptly. A conference call will be scheduled to resolve such matters if the Court deems it necessary.

On March 1, 2022, the day before discovery closed, Ms. Hammett filed a Motion to Extend and Compel Discovery or Sanctions.[2]

As was made crystal clear in the Court's September 2021 Final Scheduling Order, the Court will not grant discovery-related relief to a party based on a motion filed the day before discovery

---

[1] On March 18, 2021, the Court issued an Amended Final Scheduling Order. (Doc. 125). This Amended Order changed the trial date, but it did not change any of the discovery-related deadlines established in the Court's September 2021 Final Scheduling Order.

[2] Mot. to Extend and Compel Discovery or Sanctions (Doc. 97).

ends.  Such a motion violates the Final Scheduling Order, which explained that "[a]ll discovery requests and motions must be filed sufficiently in advance of" the discovery deadline "to allow for a timely response."  Motions like the one filed do not require a response for 14 days—taking the issue well outside the discovery deadline.

The Court acknowledges that Ms. Hammett is proceeding pro se.  That does not, however, excuse her from complying with the rules clearly outlined by the Court.[3]  Moreover, there's nothing in her motion or brief that constitutes good cause to extend discovery or otherwise amend the Final Scheduling Order.  From what Ms. Hammett says in her motion and brief, she could have and should have filed a motion to compel much sooner than she did.  PRA is not responsible for Ms. Hammett's delay in filing her motion.  PRA did not (for example) string Ms. Hammett along with promises of providing the disputed discovery in order to lull her into not filing a timely discovery motion.

For the foregoing reason, Ms. Hammett's Motion (Doc. 97) is DENIED.  This is not a ruling on Ms. Hammett's 56(d) request.  The 56(d) request will be addressed separately.

IT IS SO ORDERED this 25th day of April 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[3] In this case, there's another instance where, potentially, a deadline in the Final Scheduling Order was blown—the December 17, 2021 expert report deadline.  While I have conditionally allowed Ms. Hammett's medical exam and PRA's medical expert report to be completed beyond that December 17, 2021 deadline, I have specifically reserved a ruling on whether the exam and report will be deemed timely.  *See* Mar. 16, 2022 Hr'g Tr. (Doc. 124) at 39, 42.